**In re RUSSELL'S WILL.**

No. PR 70-28.

Circuit Court, Probate Division, Orange County.

March 1, 1974.

Eugene B. Cawood of Giles, Hedrick & Robinson, Orlando, for Julia Russell Hylton as life income beneficiary.

Edward R. Kirkland, Orlando, for John Russell Kirkland and Robert Edward Kirkland, and guardian ad litem for Julia Russell Kirkland and Edward Romfh Kirkland.

E. L. Williamson, Jr. of Maguire, Voorhis & Wells, Orlando, for Sun First National Bank, as trustee.

GEORGE N. DIAMANTIS, Circuit Judge.

*Opinion and order:* This matter came before the court on the application of the trustee, Sun First National Bank (formerly the First National Bank at Orlando), for declaratory relief, regarding the applicability and interpretation of §690.12, Florida Statutes, to the proceeds derived from the sale of certain real property involved in a trust established under the will of the decedent, Julia Ledbetter Russell. The decedent died on August 31, 1967, leaving a will establishing a residuary trust under which her daughter Julia Russell Kirkland (now Julia Russell Kirkland Hylton) received the life income with remainder over to the decedent's four grandchildren. All of the parties have filed a joint written stipulation as to the relevant facts.

On September 7, 1967, the then county judge's court issued letters testamentary to the then First National Bank at Orlando

(presently the Sun First National Bank of Orlando). On August 7, 1970, this court qualified the bank as trustee in these proceedings.

After the subject property was partitioned into two parcels, the trustee sold it in two separate sales. The first sale occurred on June 25, 1971, and the second sale took place on September 15, 1972.

Although the trustee filed the application for declaratory relief, the parties directly involved are the life beneficiary and the remaindermen.

All the interested parties agree that the subject real estate, which is the principal asset of this trust, is an unproductive asset as defined in §690.12(1) of the statutes, since it has not produced the necessary earned income required by that statute.

The first issue which the parties have presented to the court for resolution is on what date did the duty to sell this unproductive asset first arise. The resolution of this issue will fix the beginning date in computing the statutory apportionment between the life beneficiary and the remaindermen. The closing date under such statutory apportionment would be the applicable date of sale for each of the two particular parcels of land involved herein. The life beneficiary contends that this beginning date should be either August 31, 1968, (one year from decedent's death) or September 7, 1968 (one year from the issuance of letters testamentary to the bank which was the personal representative of the decedent's estate). The remaindermen argue that this beginning date should be August 7, 1971 (one year from the time the trustee received possession of the real property which would be one year from the date that the trustee qualified).

In support of their position, the remaindermen contend that §690.12(3) provides that in the absence of evidence to the contrary the property presumptively became unproductive one year from the time that the trustee first received such property. There is no dispute over the fact that §690.12(3) contains such a provision. However, this argument of the remaindermen overlooks the provisions of §733.011 of the statutes, which provide that Chapter 690, Florida Statutes, commonly called the Uniform Principal and Income Law, applied to decedents' estates entered into probate after July 1, 1965, and that the words "personal representative" shall be substituted for the word "trustee" in Chapter 690.

Consequently, under §690.12 the personal representative of the estate of the decedent had the duty to change the unproductive real estate involved herein one year from the date that the personal representative received it.

The next question that must be resolved concerns the date on which the personal representative received the subject property. The property is real estate and under Florida law, the title to real estate descends to the devisee under the will of the decedent, but the personal representative is entitled to possession of real property during administration. See §733.01 and §734.02 of the statutes; and Dowling, *Citation and Notice in Probate and Guardianship Proceedings,* 42 Fla. Bar Journal 28, at page 33 (1968). In Florida, a personal representative has no authority to take possession of any assets until he has received appropriate letters. In the instant case, the decedent died testate, and letters testamentary were issued to the bank as the personal representative on September 7, 1967. Therefore the personal representative took possession of or received the real estate involved in this matter on such date. The requisite one year under §690.12 commenced to run on September 7, 1967 and terminated on September 8, 1968. See Rule 5.050(h), PGR, incorporating Rule 1.090 RCP, pertaining to "time" which provides in sub-section (a) that in computing any time prescribed by applicable statute, the day from which the designated time begins to run shall not be included.

The court has examined Edwards v. Edwards, 183 Mass. 581, 67 N.E. 658 (1903), and Delaware Trust Company v. Bradford, Del. Ct. of Chancery, 59 A. 2d 212 (1948), as well as the other authorities submitted by the life beneficiary in support of her position that the requisite one year period commenced on October 31, 1967, the date of the death of the decedent. These authorities are not applicable since they do not involve the Uniform Principal and Income Law which is Chapter 690, Florida Statutes, and, more importantly, do not deal with the Florida Probate Code with regard to when a personal representative can take possession of assets.

The second issue that the parties have submitted to the court for resolution involves the question of whether the mortgage accepted by the trustee in the sale of the first parcel of the real property should be accepted at face value, or discounted for purposes of allocating the income beneficiary's share.

The court holds that the mortgage should be computed at face value and that it should not be discounted, especially in the instant case where there is no evidence indicating it was either worth less than its face value at the time of closing or that it is presently worth less than the outstanding principal balance. See §690.12(2) and §690.07(1) of the statutes; 8A, Words and Phrases, *Gross proceeds,* page 606; 33 Am. Jur., *Life estates, remainders, and reversions,* §354, at page 868.

It is therefore ordered and adjudged as follows —

(1) The duty to sell the subject real property, which was an unproductive asset, first arose on September 8, 1968, one year from the issuance of letters testamentary to the personal representative of the decedent's estate.

(2) The mortgage accepted by the trustee in connection with the sale of the first parcel on June 25, 1971 shall be considered at its face value in computing under §690.12, Florida Statutes, the life beneficiary's and the remaindermen's respective shares of the net proceeds of sale.

(3) The parties shall within fifteen days from the date of this opinion and order submit a compilation of the respective shares of the life beneficiary and the remaindermen which computation shall be based upon the rulings of the court contained in this opinion and order.